## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAMELA NEIPER REDO, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF CARL NEIPER, SR., | Civ. No. 2:23-cv-21424 (WJM) |
| Plaintiff, | **OPINION** |
| v. | |
| THE STATE OF NEW JERSEY, THE NEW JERSEY VETERANS MEMORIAL HOME AT MENLO PARK, THE NJ VETERANS MEMORIAL HOME AT PARAMUS, PARAMUS VETERANS MEMORIAL HOMES, THE NEW JERSEY DEPARTMENT OF MILITARY AND VETERANS AFFAIRS, SEAN P. VAN LEW SR., MATTHEW SHOTTLANDER, JOHN DOES 1-100 (REPRESENTING PRESENTLY UNKNOWN HEALTHCARE PROVIDERS, INCLUDING, BUT NOT LIMITED TO, DOCTORS, FELLOWS, RESIDENTS, INTERNS, NURSES, TECHNICIANS, ETC., EMPLOYEES AND/OR EXECUTIVES OF THE NEW JERSEY VETERANS MEMORIAL HOME AT MENLO PARK, THE NEW JERSEY DEPARTMENT OF MILITARY AND VETERANS AFFAIRS, AND THE STATE OF NEW JERSEY, ETC.), JANE DOES 1-100 (REPRESENTING PRESENTLY UNKNOWN HEALTH CARE PROVIDERS, INCLUDING, BUT NOT LIMITED TO, DOCTORS, FELLOWS, RESIDENTS, INTERNS, NURSES, TECHNICIANS, ETC. AND UNKNOWN EMPLOYEES AND/OR EXECUTIVES OF THE NEW JERSEY VETERANS MEMORIAL HOME AT MENLO PARK, THE NEW JERSEY DEPARTMENT OF MILITARY AND VETERANS AFFAIRS, AND THE STATE OF NEW JERSEY), AND ABC CORPORATIONS 1-100 (REPRESENTING PRESENTLY UNKNOWN FACILITY OR ENTITIES WHO RENDERED CARE TO THE PLAINTIFF) | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

In this civil rights action, Defendant State of New Jersey ("the State"), the New Jersey Veterans Memorial Home at Menlo Park ("VMH Menlo Park"), the New Jersey Veterans Memorial Home at Paramus ("VMH Paramus"), Paramus Veterans Memorial Homes, and the New Jersey Department of Military of Veterans Affairs ("DMVA") (collectively "State Defendants") move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 6. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated below, the State Defendants' motion to dismiss is **granted in part and denied in part.** The § 1983 claims are **dismissed** and the remaining state claims are **remanded** to state court.

## I.     BACKGROUND

The DMVA is an agency of the State, which controls, manages, and operates VMH Menlo Park. Compl., ¶ 8, ECF No. 1. VMH Menlo Park is also an agency of the State. *Id.* at ¶ 7. From August 2021 through January 2, 2022, Carl Neiper, Sr. (Mr. Neiper") was a resident at VMH Menlo Park. *See id.* at ¶¶ 14, 39-41. Plaintiff Pamela Neiper Redo ("Plaintiff"), individually and as administrator of the Estate of her father, Carl Neiper, Sr., alleges Defendants caused Mr. Neiper to contract Covid by, *inter alia,* forbidding Mr. Neiper and VMH Menlo Park employees from wearing personal protective equipment, failing or refusing to isolate residents exhibiting signs of Covid, and depriving Mr. Neiper of basic essentials, ventilation, and proper care. *Id.* at ¶¶ 38-41, 45, 46. Mr. Neiper died on or about January 4, 2022. *Id.* at ¶ 45.

On August 25, 2022, Plaintiff served a late claim notice under the New Jersey Tort Claims Act, N.J.S.A. §§ 59:1-1, *et seq.* Plaintiff's request for leave to allow the late notice was denied by the Superior Court of New Jersey. Thereafter, Plaintiff filed suit in state court on September 21, 2023, asserting violations of: 1) the Eighth Amendment and the Federal Nursing Home Reform Act, ("FNHRA"), 42 U.S.C. § 1396r, under 42 U.S.C. § 1983; and 2) of the New Jersey Nursing Home Responsibilities and Rights of Residents Act, N.J.S.A. §§ 30:13-1, *et seq.*, ("NHA"). Based on the existence of the §1983 claims, the State Defendants removed this action to federal court on October 24, 2023. *See* Not. of Removal, ECF No. 1. The State Defendants now move to dismiss the action against them arguing that they possess Eleventh Amendment immunity and alternatively, are not "persons" subject to suit under § 1983 or the NHA.

## II.     DISCUSSION

### A.  Rule 12(b)(6) Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted.

The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States,* 404 F.3d 744, 750 (3d Cir. 2005). Dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.,* 542 F.3d 59, 64 (3d Cir. 2008). This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, *see id.* at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). While "[t]he plausibility standard is not akin to a probability requirement' ... it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

As a preliminary matter, the Court rejects Plaintiff's assertion that it is premature to resolve legal issues as to the State Defendants without the benefit of discovery. A motion to dismiss, by express rule and design, must be made before a responsive pleading and hence before discovery. Fed. R. Civ. P. 12(b).

B. Eleventh Amendment Immunity

Absent a waiver, Eleventh Amendment immunity shields states from a suit for money damages in federal courts. *Lombardo v. Pennsylvania, Dep't of Pub. Welfare,* 540 F.3d 190, 194–95 (3d Cir. 2008). Here, the voluntary removal of this case from state to federal court is as a waiver of the State Defendants' Eleventh Amendment immunity from suit in a federal forum. *See Lapides v. Bd. of Regents,* 535 U.S. 613, 624 (2002).

C. 42 U.S.C. § 1983 Claims

1. *State Defendants*

State sovereign immunity, however, "comprises more than just immunity from suit in federal court. It also includes a State's immunity from liability." *Lombardo,* 540 F.3d at 195. Because these two components are distinct, a state's "waiver of one does not affect its enjoyment of the other." *Id.* at 199 (citing *Meyers ex re. Benzing v. Texas,* 410 F.3d 236, 252-53 (5th Cir. 2005)). That is, "while voluntary removal waives a State's immunity from suit in a federal forum, the removing State retains all defenses it would have enjoyed had the matter been litigated in state court, including immunity from liability." *Lombardo,* 540

3

F.3d at 198. In fact, Plaintiff even concedes that Defendants' removal to federal court is not a waiver of the States' claims to sovereign immunity. *See* Pl.'s Opp'n Br., 18.

Accordingly, the State's waiver of immunity from suit in federal court does not preclude it from asserting that it is not a "person" subject to suit under § 1983. *See Didiano v. Balicki*, No. 10-4483, 2011 WL 1466131, at *8 (D.N.J. Apr. 18, 2011) (collecting cases), *aff'd*, 488 Fed. Appx. 634 (3d Cir. 2012); *Davis v. Yates*, No. 15-6943, 2016 WL 5508809, at *4 (D.N.J. Sept. 27, 2016) ("moving defendants have not, by removing the case, waived their argument that they are not suable 'persons' under § 1983…"). Indeed, it is well settled that "the States, arms of the States, and state officials acting in their official capacities, are not 'persons' within the meaning" of § 1983. *Didiano v. Balicki*, 488 Fed. Appx. 634, 638 (3d Cir. 2012) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Hence there can be no dispute that the State of New Jersey is not a "person" suable under § 1983.

Next, just as action against the State cannot be maintained under § 1983, a suit against the DMVA is also impermissible as a 'suit against the state itself.'" *Kaminski v. New Jersey Dep't of Mil. & Veterans Affs.*, No. 18-1424, 2018 WL 4380998, at *6 (D.N.J. Sept. 13, 2018) (citing *Will*, 491 U.S. at 70–71 (1989). The DMVA is a "cabinet-level department of the Executive Branch of the state government." *Waskovich v. Morgano*, 800 F. Supp. 1220, 1221–22 (D.N.J. 1992), *aff'd*, 2 F.3d 1292 (3d Cir. 1993); N.J.S.A. § 38A:3–1 ("The Department of Military and Veterans' Affairs shall be a principal department of the executive branch of the state government."). "Because the State of New Jersey is not considered a person under § 1983, neither is the DMVA." *Kaminski*, 2018 WL 4380998, at *6; *cf. Brown ex rel. Payton v. Ancora Psychiatric Hosp.*, No. 11-7159, 2012 WL 4857570, at *1 (D.N.J. Oct. 11, 2012) (finding NJ Department of Human Services, a principal department in executive branch of state government, not a "person" subject to suit under §1983).

Furthermore, VMH Menlo Park and VMH Paramus are not "persons" subject to suit under § 1983. The three Veterans Memorial Home facilities at Menlo Park, Paramus, and Vineland ("VMHs") are state-owned and operated. N.J.S.A. § 38A:3-2b ("The Division of Veterans' Healthcare Services shall supervise and operate the New Jersey Veterans' Memorial Home-Menlo Park, the New Jersey Veterans' Memorial Home-Vineland and the New Jersey Veterans' Memorial Home-Paramus."); *see also Ventola v. New Jersey Veteran's Mem'l Home*, 164 N.J. 74, 81 (2000) ("The State of New Jersey, Department of Military and Veterans' Affairs, operates three veterans' homes."). The VMHs are under the jurisdiction of the DMVA, *see* N.J. Admin. Code § 5A:5-1.2, and governed by state law, *see generally* N.J.S.A. 38A:3-1 to 38A:3-59; N.J. Admin. Code § 5A:5-1.1 *et. seq.* Moreover, they are not managed by outside contractors, *see* "VA Nursing Home Care" Report to Congressional Addressees,[1] ECF No. 9-1 at 41, and receive funding for wages

---

[1] In ruling on a motion to dismiss, a court may consider matters of public record. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

from the State, *see Analysis of the New Jersey Budget,* Introduction (njleg.gov), at 10-12. Because VMHs are state-owned and operated, claims against the VMHs are treated as actions against the State or its department, the DMVA. *See e.g., Ventola,* 164 N.J. at 78 (allowing late notice of malpractice claim "against the State" under New Jersey Tort Claims Act where plaintiff, mistakenly believing VMH was federal rather than a state facility, filed administrative claim with U.S. Department of Veterans Affairs under Federal Tort Claims Act); *Deguzman v. Dept. of Military and Veterans Affairs,* 113 Fed. Appx. 438 (2004) (affirming summary judgment on various employment discrimination claims against DMVA even though plaintiff was employed at VMH).

Thus, the VMHs are clearly sub-departments of the State that are not "persons" amenable to suit under §1983. *See Kaminski,* 2018 WL 4380998, at *6 (concluding neither DMVA nor its sub-department, a school operated by the DMVA, were amenable to suit under § 1983). *Cf. Brown ex rel. Payton v. Ancora Psychiatric Hosp.,* No. 11-7159, 2012 WL 4857570, at *2 (D.N.J. Oct. 11, 2012) ("as a state department and agency, DHS and [state hospital operated by DHS and under control of Commissioner of Human Services] are not "persons" and therefore not amenable to suit under 42 U.S.C. § 1983."); *Cipolla v. Hayman,* No. 10-889, 2013 WL 1288166, at *5-6 (D.N.J. Mar. 26, 2013) (finding that specific correctional facilities that are "sub-parts" of the NJ Department of Corrections, a state agency, are not "persons" under § 1983). *See generally Love v. New Jersey Dep't of Corr.,* No. 15-4404, 2016 WL 2757738, at *4 (D.N.J. May 12, 2016) ("a state, a department of a state, or a subsection of such a department or other organized arm of the state, is not a 'person' subject to suit under § 1983."). Plaintiff even pleads that the VMHs are State agencies. *See* Compl., ¶¶ 7-8.

Finally, while it is unclear from the face of the Complaint whether the individual defendants, Sean P. Van Lew, Sr. and Matthew Shottlander,[2] are being sued in their official or personal capacities, if suit is against them in their official capacities, "they assume the identity of the government that employs them" and as such, they are not "persons" amenable to suit under §1983.[3] *Garden State Elec. Inspection Servs. Inc. v. Levin,* 144 Fed. App'x 247, 251 (3d Cir. 2005); *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989).

---

[2] The individual defendants have not moved for dismissal, but the Court "may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action." *Bryson v. Brand Insulations, Inc.,* 621 F.2d 556, 559 (3d Cir. 1980)); *U.S. Express Lines Ltd. v. Higgins,* 281 F.3d 383, 388–89 (3d Cir. 2002) (noting federal courts have duty to examine subject matter jurisdiction at all stages of litigation *sua sponte* if parties fail to raise the issue).

[3] While state officials sued in their official capacity for prospective relief are "persons" amenable to § 1983 suit, Plaintiff here does not seek prospective injunctive relief. *See Will,* 491 U.S. at 71, n.10.

In sum, Plaintiff's §1983 claims against the State, the DMVA, the VMHs, and any individual state officials acting in their official capacities are **dismissed with prejudice**.[4]

### 2. *Individual Capacity Suits*

In contrast, individual defendants sued in their personal capacities "come to court as individuals" and are "persons" subject to suit under § 1983. *See Garden State Elec. Inspection Servs. Inc. v. Levin*, 144 Fed. App'x. 247, 251 (3d Cir. 2005). However, given that § 1983 is not a source of substantive rights, Plaintiff must plausibly allege that "the alleged deprivation was committed or caused by a person acting under color of state law." *Kaminski*, 2018 WL 4380998, at *7. Here, apart from the allegation that the individual defendants acted as "agents, servants and/or employees of all Defendants," *see* Compl., ¶ 11, Plaintiff has not pled any factual allegations to support the conclusion that the individuals themselves deprived Mr. Neiper of his statutory or constitutional rights.[5] Group pleading does not provide Defendants adequate notice of the claims against them. *See Twombly*, 550 U.S. at 555 (noting Fed. R. Civ. P. 8(a)(2) requires "short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," (citing *Conley v. Gibson*, 355 U.S. 41, (1957)). Thus, to the extent the § 1983 claims are against individual defendants in their personal capacities, those claims are **dismissed without prejudice.**

### D. State Claim

The NHA provides that "any person or resident whose rights as defined herein are violated shall have a cause of action against *any person* committing such violation." N.J.S.A. § 30:13-8 (emphasis added). As the issue of whether the State is a "person" subject to suit under NHA has yet to be decided by a New Jersey state court, *see* 28 U.S.C. § 1367(c)(1), Plaintiff asks that the Court decline to exercise supplemental jurisdiction and remand this action if the State Defendants' motion to dismiss the § 1983 claims is granted.

Because all claims over which the Court has original jurisdiction have been dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claim. *See* 28 U.S.C. § 1367(c)(3). A district court's "decision to retain or decline jurisdiction over state-law claims is discretionary." 28 U.S.C. § 1367(c)(3); *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, n.7 (1988). In this case, the action has progressed

---

[4] To the extent ABC Corporations are not state entities, private businesses do not qualify as "persons" subject to § 1983 liability. *See Schell v. Prime Care Medical*, No. 22-995, 2022 WL 4079623, at *2 (M.D. Pa. Sept. 6, 2022).

[5] Likewise, the Complaint specifies no factual allegations against John and Jane Doe Defendants.

only to the motion to dismiss stage. There is no reason why fairness to the litigants and convenience to the parties weigh in favor of exercising supplemental jurisdiction. This action is **remanded** to the Superior Court of New Jersey, Law Division, Middlesex County. *See id.* at 357; *see e.g., Chey v. LaBruno,* 608 F. Supp. 3d 161, 188 (D.N.J. 2022) ("where the case is nowhere close to trial, dismissal or remand is likely the proper course").

## III.   CONCLUSION

For the reasons noted above, Defendants' 12(b)(6) motion to dismiss is **granted** as to the § 1983 claims. The Court declines to exercise supplemental jurisdiction and **remands** the remaining matter to New Jersey state court. An appropriate Order follows.

WILLIAM J. MARTINI, U.S.D.J.

Date: March 4, 2024